UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KORNG SEE,

    Petitioner,

v.

DAVID JENNINGS, et al.,

    Respondents.

Case No. 17-cv-00225 NC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Re: Dkt. No. 1

Petitioner Korng See petitioned the Court for a writ of habeas corpus on January 17, 2017, challenging his "indefinite detention" in immigration custody. Dkt. No. 1. In a Joint Status Report filed with the Court, the parties reported See had been released from custody on March 16, 2017. Dkt. No. 21 at 3. The Court ordered the parties to file briefing as to whether the case was moot after See's release. The Court finds that under the current record, the petition for the writ is MOOT, and that no exception to the mootness doctrine applies. Thus, the Court DENIES See's petition for a writ of habeas corpus.[1]

Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

---

[1] All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 8, 11, 20.
Case No. 17-cv-00225 NC

decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case becomes moot "when the parties lack a legally cognizable interest in the outcome." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (quotation marks omitted). An exception to mootness is the voluntary cessation doctrine, where the defendant voluntarily ceases engaging in the challenged practice. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 199, 203 (1968)). Yet for this exception to apply, the government's "voluntary cessation 'must have arisen because of the litigation.'" *Sze v. I.N.S.*, 153 F.3d 1005, 1008 (9th Cir. 1998) (quoting *Public Utilities Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996)).

Furthermore, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id*. As relevant here, the Ninth Circuit has found that a petitioner's "release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention.'" *Id*. at 1064-65 (quoting *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) and citing *Sayyah v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004)).

See was taken into ICE custody on June 2, 2016. Dkt. No. 1 at 4. Beginning in September 2016, at each hearing, See unsuccessfully moved to terminate the proceedings against him because of the failure to locate a Lahu Yellow interpreter. *Id*. at 5. On March 15, 2017, the immigration judge again denied See's motion to terminate the proceedings against him, but administratively closed See's case because of the failure to find an interpreter. Dkt. No. 21 at 2. The next day, March 16, 2017, ICE voluntarily released See from custody on supervision with conditions. *Id*. at 3, 4. The government continues to search for a Lahu Yellow interpreter, and will not re-calendar See's removal proceedings

Case No. 17-cv-00225 NC  2

until such an interpreter is found. *Id*. at 4.

The Court finds that under the record as developed thus far, the petition for a writ does not present a case or controversy now that See has been released from custody and his removal proceeding is administratively closed. The immigration court is still in the process of locating a Lahu Yellow interpreter. Dkt. Nos. 23, 23-1. See was released under supervision with specific conditions, and ICE has the authority to re-detain him if he violates the conditions of his release. *See* Dkt. No. 25-1. Upon his release under supervision, his petition for a writ has been mooted. *Abdala*, 488 F.3d at 1064. In addition, See was released the day after the immigration court administratively closed the removal proceedings, substantially lessening the likelihood that See was released *because of* this litigation rather than as a result of the immigration court's decision. *Sze*, 153 F.3d at 1008.

The petition for a writ of habeas corpus is therefore DENIED as moot. The clerk will terminate the file. Should circumstances change in the future, See may file a new petition.

**IT IS SO ORDERED.**

Dated: April 19, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-00225 NC          3